UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM J. O'DONNELL,

      Plaintiff,

v.                             CASE No. 8:07-CV-789-T-30TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1]  Because the decision of the Commissioner of Social Security does not adequately evaluate medical opinions of treating physicians concerning the plaintiff's reaching limitations, I recommend that the decision be reversed, and the matter remanded for further consideration.[2]

---

      [1]Plaintiff's counsel erroneously states on the first page of the plaintiff's memorandum that the plaintiff also filed a claim for supplemental security benefits (Doc. 11, p. 1).

      [2]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was forty-four years old at the time he last met the earnings requirement for disability benefits and who has a tenth grade education, has worked primarily as a printing press operator (Tr. 123).[3] He filed a claim for Social Security disability benefits, alleging that he became disabled due to thoracic outlet syndrome (Tr. 114).

The claim was denied initially and upon reconsideration. The plaintiff, at his request, then received a de novo hearing before an administrative law judge in Colorado, where he resided at the time (Tr. 357-92). The law judge found that the plaintiff suffered from thoracic outlet syndrome, left cubital tunnel syndrome and fibromyalgia, but that those impairments did not preclude his return to work as a printing sales representative (Tr. 46-47). However, the Appeals Council, upon the plaintiff's request for review, vacated the law judge's decision and remanded the matter for further consideration of, among other things, the claimant's manipulative/reaching restrictions and his subjective complaints (Tr. 52-54).

---

[3]The plaintiff states in his disability application that he completed the eleventh grade of high school (Doc. 120). However, at the hearing he said that the tenth grade is the highest grade he completed (Tr. 328, 361).

On remand, a hearing was conducted before a law judge in Florida, where the plaintiff had moved in the meantime (Tr. 326-56). The law judge noted that the plaintiff was last insured for disability benefits on December 31, 2005 (Tr. 16). He found that the plaintiff at that time had severe impairments of thoracic outlet syndrome and fibromyalgia (id.). The law judge concluded that the plaintiff had the following residual functional capacity ("RFC") (Tr. 17):

> lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk about six hours in an eight-hour day, sit about six hours in an eight-hour workday, with pushing and pulling unlimited. He required the option to alternate sitting and standing at will. The claimant was precluded from more than occasional climbing (never ladder, rope, scaffolds), balancing, stooping, kneeling, crouching and crawling. He should avoid hazardous machinery, unprotected heights, and temperature extremes. Secondary to thoracic outlet syndrome, he requires a job with no repetitive overhead reaching.

The law judge concluded that this limited ability to work prevented the plaintiff from returning to any of his past relevant jobs (Tr. 20). However, based upon the testimony of a vocational expert, the law judge determined that the plaintiff could have performed other jobs in the national economy,

such as an assembler or produce inspector (Tr. 21, Doc. 11-3).[4] Accordingly,
the law judge decided that the plaintiff was not disabled as of the date he was
last insured (Tr. 21, 22). The Appeals Council let the decision of the law
judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a
claimant must be unable "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental impairment which
. . . has lasted or can be expected to last for a continuous period of not less
than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental
impairment," under the terms of the Act, is one "that results from anatomical,
physiological, or psychological abnormalities which are demonstrable by
medically acceptable clinical and laboratory diagnostic techniques." 42
U.S.C. 423(d)(3). In this case, the plaintiff must show that he became
disabled before his insured status expired on December 31, 2005. 42 U.S.C.
423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert.
denied, 444 U.S. 952.

---

[4]The law judge misidentified the second job as a "produce" inspector, but correctly
stated its DOT code (Tr. 21). The vocational expert opined that a person with the plaintiff's
RFC could work at "production inspection, such as lens-block gauging" (Tr. 353).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>. 847 F.2d 698, 701 (11th Cir. 1988).

III.

The law judge found that the plaintiff suffered from thoracic outlet syndrome and fibromyalgia as of December 31, 2005, the date he was last insured for disability benefits (Doc. 16). The plaintiff's treating physician, Dr. William S. Griffis, has described thoracic outlet syndrome as a problem with the brachial plexus, a bundle of nerves and blood vessels near the shoulder area, which causes pain, numbness, tingling and other sensations in the neck, shoulders, arms and hands (Tr. 214, 305-06).

The plaintiff was originally diagnosed with thoracic outlet syndrome in 1997, and he had surgery which relieved the problem until 2000, at which time the plaintiff states his symptoms flared up again (Tr. 210-11, 246). In the meantime, the plaintiff had returned to heavy work as a printing

-6-

press operator. It was thought that this work, coupled with scar tissue from the operation, caused the plaintiff's problems to recur (Tr. 246).

The law judge found that these impairments limited significantly the plaintiff's RFC (Tr. 17). Most pertinently, the law judge found that the plaintiff could lift and carry ten pounds occasionally and less than ten pounds frequently, and could not perform repetitive overhead reaching (id.). The plaintiff challenges the law judge's determination of his RFC, arguing that it fails to include several additional restrictions opined by his treating physicians (Doc. 11, pp. 9-12). Specifically, the plaintiff argues that the law judge failed to evaluate the opinions of Dr. Griffis and Dr. Richard J. Sanders, the treating surgeon, that the plaintiff should never reach overhead and should not engage in repetitive movements of his upper extremities (Tr. 183, 191, 246).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis

v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). When a law judge rejects the opinion of a treating physician, he must clearly articulate his reasons for doing so. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

In a progress report dated August 21, 2001, Dr. Griffis "recommend[ed for the plaintiff] sedentary work restrictions of no lifting greater than 10 pounds and no repetitive motion activities with the upper extremities" (Tr. 191). Further, Dr. Griffis opined in a Physical Capacities Chart dated May 14, 2002, that the plaintiff should never reach above his shoulders, and only occasionally twist his head or reach at chest level or below his waist (Doc. 11, p. 6; Tr. 183).

Dr. Griffis, moreover, gave detailed statements in February 2003, November 2004, and May 2005 supporting his opinions (Tr. 208, 274, 302). In the 2003 statement, Dr. Griffis repeated that the plaintiff would suffer pain if he does repetitive activities at chest level or waist level (Tr. 218). He said in 2004, among other things, that anytime the plaintiff sustains work with his arms above his shoulders, he has increased pain (Tr. 280). And in 2005, he explained that the plaintiff's pain is easily flared with repetitive motion of his arms and with raising his arms to shoulder level or above (Tr. 309).

In addition, Dr. Sanders, the treating surgeon, stated in June 2000 that the plaintiff is limited to, among other things, no working with arms above shoulder level, and very few repetitive activities (Tr. 250). Further, Dr. Sanders in November 2002 stated that he concurred with the restrictions previously imposed by Dr. Griffis, which included no reaching overhead and only occasional reaching at chest level or below the waist (Tr. 183, 246).

The law judge did not accept the treating physicians' opinions that the plaintiff could not perform any overhead reaching, but rather concluded only that the plaintiff could not perform repetitive overhead reaching (Tr. 17). Moreover, the law judge did not include any limitation on reaching at chest level or waist level, even though the treating physicians opined that the plaintiff could not perform such activities repetitively. Importantly, the law judge gave no explanation for rejecting the opinions of the doctors regarding these activities.

Arguably, the law judge may have based his determination on his conclusion to give great weight to the fact that EMG and nerve conduction studies in 2000 were within normal limits (Tr. 19), although he did not expressly say so. In all events, Dr. Griffis stated, on at least four occasions, that often times the nerve conduction studies are normal in cases of thoracic

outlet syndrome (see Tr. 200, 215, 277, 305).  In light of these opinions by

Dr. Griffis concerning the lack of value of EMG and nerve conduction studies

in assessing thoracic outlet syndrome, the law judge needed to explain why

he was giving great weight to those tests.  Because the law judge failed to do

so, the only basis suggested by the law judge for discounting the treating

doctors' opinions regarding reaching restrictions is itself unjustified.

Consequently, the law judge has failed to show good cause for not accepting

those medical opinions.  It is appropriate to add that the failure to evaluate the

reaching restrictions violates the principle that the law judge must state

specifically the weight accorded each item of impairment evidence and the

reasons for his decision regarding that evidence. Gibson v. Heckler, 779 F.2d

619, 623 (11th Cir. 1986).

The law judge's failure to evaluate the plaintiff's reaching

restrictions ties in with the plaintiff's challenge to the hypothetical question

posed to the vocational expert (Doc. 11, pp. 12-13).  In order for the

hypothetical question to be valid, the law judge either had to properly

discount the treating doctors' opinions regarding reaching limitations, or

include those limitations in the hypothetical question. See Bouie v. Astrue,

2007 WL 812035 at *2 (11th Cir. 2007)(unpub. dec.).  The law judge,

however, did neither.  Consequently, the vocational evidence is flawed and cannot support the finding that the plaintiff was not disabled because there was work in the national economy that he could perform.  A remand is therefore required.

It is appropriate to add that the plaintiff points to other circumstances in asserting that the law judge erred in making his decision. The other arguments are neither meritless nor compelling.  In these circumstances, it seems to me most productive to focus simply upon the law judge's clear reversible error regarding reaching limitations.  Nevertheless, on remand, the Commissioner would be well-advised to provide a better explanation for his credibility determination, since it is highly doubtful that the one provided by the law judge is adequate.  See Foote v. Chater, 67 F.3d 1553, 1560-62 (11th Cir. 1995).

Finally, it is recognized that the plaintiff returned to work as a printer in September 2006 (Tr. 331).  However, as of the time of the administrative hearing in October 2006, the plaintiff was skeptical that he could continue in that job (Tr. 339).  The law judge, accordingly, did not treat the work as substantial gainful activity (Tr. 16).  On remand, information can be obtained whether the plaintiff was able to continue in that job.  Even if he

-11-

was, the plaintiff would still have a viable claim for disability benefits for some period between the alleged onset date of June 10, 2000, and the date last insured of December 31, 2005.

IV.

For the foregoing reasons, the law judge erred in failing to evaluate the opinions of treating physicians regarding the plaintiff's reaching limitations. I, therefore, recommend that the law judge's decision be reversed and the matter remanded for further proceedings.

Respectfully submitted,

THOMAS G. WILSON

DATED: MAY 2ᵢ, 2008        UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).